IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOHN M. BARNES,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. RWT 14-cv-0040 |
| **ARTEX FINE ART SERVICES** | * | |
| *Defendant*. | * | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, John M. Barnes, was terminated from his employment with Defendant, Artex Fine Art Services ("Artex"), on February 28, 2012. On March 7, 2012, Barnes filed a Charge of Discrimination with the Prince George's County Human Relations Commission and the Equal Employment Opportunity Commission ("EEOC") alleging that he was wrongfully terminated due to age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). ECF No. 2. On March 21, 2013, the EEOC sent Barnes a Notice of Right to Sue. ECF No. 2-1.

On October 20, 2013, Barnes filed a Complaint in the Circuit Court for Prince George's County, Maryland requesting $100,000 in damages and that "derogatory information" be removed from his personnel file. ECF No. 2. On January 8, 2014, Artex removed the case to this Court. ECF No. 1. On February 2, 2014, Artex filed a Motion to Dismiss for untimeliness and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. On February 24, 2014, Barnes filed a response and a letter that the Court construes as a Motion to Subpoena Defendants. ECF Nos. 14, 15. On March 12, 2014, Artex filed a reply and a response

to the Motion to Subpoena Defendants. ECF Nos. 17, 18. Barnes has since filed three letters reiterating some of his claims and requesting a "day in court." ECF Nos. 19, 20, 21.

Analysis

The Defendant's motion to dismiss is well taken. The United States Equal Employment Opportunity Commission mailed a "Notice of Right to Sue" to the Plaintiff on March 21, 2013. The letter clearly states that any "lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**." ECF No. 2-1 (emphasis in original). Barnes did not file his Complaint until October 28, 2013, 221 days after the Notice of Right to Sue was sent to him. Courts routinely enforce such procedural requirements and Barnes has alleged no facts which would merit a finding of equitable tolling. *See e.g.*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-52 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *Dixon v. Digital Equip. Corp.*, 976 F.2d 725, No. 92-1483, 1992 WL 245867, at *1 (4th Cir. Sept. 30, 1992) (affirming district court holding that "complaint was untimely filed on the ninety-first day after [Plaintiff] received a right to sue letter from the Equal Employment Opportunity Commission").

Alternatively, the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir. 2005).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotation marks and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)).

To establish a claim under the Age Discrimination in Employment Act, "a plaintiff must prove, with reasonable probability, that but for the age of the plaintiff, the adverse employment decision would not have been made." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1314 (4th Cir. 1993). A Plaintiff typically must show that "(1) he was in the protected age group; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) following the discharge, he was replaced by an individual of comparable qualifications outside the protected class." *Id.* at 1315.

Barnes has failed to articulate any cognizable basis for a claim of age discrimination. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, even under this less stringent standard, Barnes does not state a claim for relief that is plausible on its face. In fact, the Complaint itself does not even state that Barnes was terminated because of his age—the Court assumes this because of the information contained in the EEOC documents attached as exhibits. The Complaint states only that Barnes "was wrongfully terminated" and seems to suggest that something related to his termination was "fabricated." ECF No. 2 at 1. These claims are not sufficient to survive a motion to dismiss. Accordingly, it is this 9th day of June, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's Motion to Subpoena Defendants (ECF No. 15) is **DENIED**; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE